**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MARY V. LEHNEN,**
**Plaintiff,**

**v.** **Case No. 04C0923**

**AMERITECH PUBLISHING, INC.,**
**Defendant.**

---

**DECISION AND ORDER**

Plaintiff Mary V. Lehnen brings this action alleging that defendant Ameritech Publishing, Inc. violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., by constructively discharging her due to her age. Defendant now moves for summary judgment and sanctions.

## I. FACTS

Defendant publishes telephone directories. Defendant's sales representatives sell advertising in the directories during sales periods known as "canvasses." During each canvass, defendant assigns advertising accounts to sales representatives and sets sales goals based on the advertisers' purchases during previous canvasses. In 1992, plaintiff began working for defendant as a sales representative. In 2002, defendant considered her for a promotion but ultimately promoted two other sales representatives. During canvasses in 2002 and 2003, plaintiff failed to meet the sales goals that defendant set for her, and as a result, defendant placed her on developmental probation and warned her that it might terminate her if she failed to meet sales goals during the 2004 Milwaukee canvass. For that canvass, defendant assigned plaintiff fewer accounts than she requested and declined

to assign her the Lurie Glass account. In the course of the Milwaukee canvass, it became clear that plaintiff was not likely to meet her sales objectives for the canvass. Before the completion of the canvass, plaintiff notified defendant of her intention to retire. She was sixty-two at the time.

I will state additional facts in the course of the decision.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there by no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party," Id. at 248. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

The moving party bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. In evaluating a motion for summary judgment, I must draw all reasonable

inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. ADEA CLAIM

The ADEA bars employers from discriminating against employees who are forty or older. 29 U.S.C. §§ 621 (b) and 631 (a). To prevail on an ADEA claim, a plaintiff must establish that her employer treated her adversely because of her age. Cengr v. Fusibond Piping Sys. Inc., 135 F.3d 445, 450-51 (7th Cir. 1998). She may do so either by presenting direct evidence of discrimination or by relying on the burden-shifting method formulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Cengr, 135 F.3d at 451. Plaintiff presents no direct evidence of discrimination; thus, if she is to prevail, she must do so under the burden-shifting approach. Under such approach, plaintiff must first establish a prima facie case of discrimination. To do this, she must show that: (1) she was more than forty years old; (2) she was doing her job well enough to meet her employer's legitimate expectations; (3) she was discharged or demoted; (4) under circumstances giving rise to an inference of age discrimination as, for example, by being treated less favorably than a similarly situated younger employee. Id.

Plaintiff may establish the third element by showing either actual or constructive discharge. Monaco v. Fuddruckers, Inc., 1 F.3d 658, 660 (7th Cir. 1993). Constructive discharge occurs when an employer "makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Bartman v. Allis-Chalmers Corp., 799 F.2d 311, 314 (7th Cir. 1986). A plaintiff can establish a constructive discharge by showing that a reasonable employee would have believed that if she had not quit, she would have been fired. EEOC v. Univ. of Chi. Hosps., 276 F.3d

326, 332 (7th Cir. 2002). However, reminding an employee of the consequences of failing to produce does not make working conditions intolerable. Henn v. Nat'l Geographic Soc., 819 F.2d 824, 830 (7th Cir. 1987).

If the plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the discharge. If the employer articulates such a reason, the burden shifts back to the plaintiff to show that proffered reason is a pretext for age discrimination. Collier v. Budd Co., 66 F.3d 886, 889 (7th Cir. 1995). A court should not engage in a pretext analysis unless the plaintiff first establishes all of the elements of the prima facie case, including that she was meeting the employer's legitimate expectations. Coco v. Elmwood Care, Inc., 128 F.3d 1177, 1179 (7th Cir. 1997). Only if the plaintiff demonstrates that the employer's legitimate expectations were themselves pretextual should a court merge the legitimate expectations and pretext analyses. Id. at 1179-80.

An employee can show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Weihaupt v. Am. Med. Ass'n, 874 F.2d 419, 428 (7th Cir. 1989) (internal quotations and citations omitted). The employee can demonstrate that the employer's reasons are unworthy of credence by producing evidence that: (1) the proffered reasons have no factual basis; (2) the proffered reasons did not actually motivate his discharge; or (3) that they were insufficient to motivate discharge. Id. Where the employer has honestly described the motivation for its decision, that decision is not pretext for discrimination just because the plaintiff asserts the

defendant's beliefs were inaccurate. Franzoni v. Hartmarx Corp., 300 F.3d 767, 772 (7th Cir. 2002).

Plaintiff establishes the first element of the prima facie case, i.e., that she was over forty years old. However, she does not satisfy the second requirement, namely that she performed her job well enough to meet defendant's legitimate expectations. The phrase legitimate expectations simply means bona fide expectations, for it is not the business of a court in a discrimination case to decide whether an employer demands too much of its workers. Coco, 128 F.3d at 1179. An employer's expectations are bona fide if the employer makes them in good faith and without fraud or deceit. Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1089 (7th Cir. 2000). The evidence indicates that defendant established certain sales objectives for plaintiff and that in defendant's recent canvasses, plaintiff failed to meet them. The evidence also indicates that as a result of plaintiff's failure to meet such objectives, defendant placed her on developmental probation, the last stage of performance management before termination.

Plaintiff argues that she failed to meet expectations because defendant set her up to fail by reducing the size of her sales assignment and by reassigning the Lurie Glass account. However, the evidence indicates that if defendant had assigned her all of the accounts that she requested, she would have had a disproportionately high number of accounts. The evidence also shows that defendant's superior reassigned the Lurie Glass account to himself because he had worked on it previously and expected to do so again. Thus, the evidence does not support plaintiff's assertion that defendant manipulated her assignment to cause her to fail. Further, plaintiff presents no evidence that defendant's expectations of her based on the assignment that she did receive were unreasonable.

Although plaintiff does not satisfy the legitimate expectations prong of the prima facie case, I will nevertheless address the remaining elements. Plaintiff attempts to satisfy the third element by showing that she was discharged constructively. The parties dispute whether defendant would have terminated her had she not retired and whether plaintiff reasonably believed that this was so. The evidence indicates that defendant warned plaintiff that if she failed to achieve her objectives in the 2004 Milwaukee canvass, it might fire her, and projections of her sales in that canvass indicated that she was not likely to achieve such objectives. Thus, plaintiff likely satisfies the third element.

As stated, to satisfy the fourth element of the prima facie case, plaintiff must show that defendant constructively discharged her under circumstances giving rise to an inference of age discrimination, such as treating her less favorably than similarly situated younger employees. Although plaintiff asserts that younger sales representatives received bigger account assignments, she fails to identify any actual younger representative with similar or lower sales results who received a better sales assignment than she. Plaintiff also asserts that defendant's failure to promote her was discriminatory but fails to identify a less-qualified younger employee who defendant did promote. The evidence indicates that both of the employees who defendant promoted had more sales than plaintiff. Finally, plaintiff claims that a supervisor spent more time coaching younger representatives than herself, but describes her meetings with the supervisor as productive. Moreover, she identifies only one representative who may have received more attention, and that representative was herself fifty-one years old. Thus, plaintiff does not present sufficient evidence from which an inference of age discrimination could be reasonably drawn. See Scaife v. Cook County, 446 F.3d 735, 740 (7th Cir. 2006) (finding in a race discrimination

case that conclusory allegations that white employees were treated more favorably was not sufficient to survive a summary judgment motion).

Even assuming that plaintiff could establish a prima facie case, I would grant defendant's motion because plaintiff lacks evidence of pretext. The evidence indicates that defendant based its sales assignments and its promotion decisions on sales representatives' sales results rather than age. Therefore, plaintiff's claim of age discrimination fails, and I must grant defendant's motion for summary judgment.

## IV. SANCTIONS

Defendant seeks sanctions against plaintiff and her counsel under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Under Rule 11, I may impose sanctions for submissions that are filed for an improper purpose or without a reasonable investigation of the facts and law necessary to support their claims. Senese v. Chi. Area I.B. of T. Pension Fund, 237 F.3d 819, 823 (7th Cir. 2001). The rule requires an attorney and/or party to certify to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the allegations and other factual contentions have a legally sufficient basis to support the claim. Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998). A frivolous argument or claim is one that is "baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). The Seventh Circuit has endorsed the use of Rule 11 Sanctions to "discourage groundless litigation." Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, 802 F.2d 247, 255 (7th Cir. 1986).

Under § 1927, I may impose sanctions against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." This includes an attorney who

has acted in an "objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice or where a claim is without a plausible legal or factual basis and lacking in justification." Pac. Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 119 (7th Cir. 1994) (quotations and citations omitted). Section 1927 imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable." Dahnke v. Teamsters Local 695, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990).

In the present case, I conclude that sanctions are not appropriate under Rule 11 or § 1927. Plaintiff presents evidence indicating that she was the oldest of defendant's sales representatives and that defendant constructively discharged her. Although plaintiff presents insufficient evidence to survive defendant's summary judgment motion, her claim was not unreasonable, frivolous or vexatious.

## V. CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motions for sanctions are **DENIED**.

**FINALLY, IT IS ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 14 day of November.

/s______________________________________
LYNN ADELMAN
District Judge